GIBBS *v.* STATE.

(Division B.   Oct. 2, 1933.)

[149 So. 796.   No. 30814.]

**D. C. Bramlette,** of Woodville, for appellant.

600

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

Buster Gibbs was convicted for the crime of robbery and was sentenced to serve a term of one year in the state penitentiary, from which conviction he appeals. He was indicted jointly with Ethel Reed for robbing one Mrs. Lizzie Peters, an aged woman. As the prosecuting witness, Mrs. Peters testified positively to the robbery, and that it was participated in by both Gibbs and Ethel Reed, and that they took from her person the sum of thirty-four dollars, and committed an aggravated assault upon her, knocking her teeth down her throat, and inflicting numerous injuries upon her.

There was considerable testimony as to what occurred subsequent to the robbery, but the evidence to sustain a conviction is, in our opinion, ample, and the verdict of the jury must stand so far as the sufficiency of the evidence is concerned.

The state secured the following instruction: ''The court instructs the jury for the state of Mississippi: That if you believe, beyond a reasonable doubt, from the evidence in this case that Ethel Reed did then and there unlawfully and feloniously make an assault upon Mrs. Lizzie Peters and did then and there feloniously, by violence to the person of Mrs. Lizzie Peters and from the person of and against the will of Mrs. Lizzie Peters, did take the sum of thirty-four dollars good and lawful money of the United States, the personal property of the said Mrs. Lizzie Peters, with the intent to unlawfully and feloniously take, steal and carry away, and that the defendant, Buster Gibbs, was then and there present, aiding, abetting, assisting, and encouraging the said Ethel Reed, in the said felonious robbing of the said Mrs. Lizzie Peters, then he is as guilty as said Ethel Reed, and the jury should return a verdict of guilty.''

We find no fault with this instruction and it is supported by the evidence.

But, this case must be reversed because of the comment made by the county prosecuting attorney upon the failure of the defendant to testify, as follows, "Defendant and other young bucks, not one of them came here and testified," to which objection was made and sustained by the court, and the jury directed to disregard same. It is true that the county attorney testified that he intended to add, after the words "and testified," that these three witnesses did not testify that Mrs. Peters accused Ethel Reed, but still Ethel Reed was guilty, and that they knew it.

During the trial the defendant, Buster Gibbs, was brought before the jury with three other young negroes, to see if Mrs. Peters could identify Gibbs. She failed to identify him as being the one who committed the crime, at that time; but when Buster Gibbs was brought before the jury alone, she identified him as being the one who committed the crime.

It is manifest that the jury understood the remarks contained in the bill of exceptions—the reference to the failure of these parties to testify, including the defendant, Gibbs. When objection was made, counsel did not proceed with his statement, or explain to the court his purpose to continue, and if he had, still his words in that connection would have been unauthorized and would constitute reversible error. Therefore, the judgment must be reversed and the cause remanded for a new trial.

Reversed and remanded.